IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER CLEMENS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXECUPHARM, INC.,<br><br>Defendant. | Case No. 2:20-cv-03383-GJP |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

This matter is before the Court for consideration of whether the proposed Settlement reached by the parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the proposed Settlement Class approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1] Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

**Provisional Certification of The Settlement Class**

(1)   The Court provisionally certifies the following Settlement Class:

All residents of the United States whose Personal Information was accessed, impacted, compromised, exfiltrated, or stolen as a result of the Data Breach. Excluded from the Settlement Class are (i) ExecuPharm, and ExecuPharm's board of directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

This Settlement Class is provisionally certified for purposes of settlement only.

(2)  The Court determines that for settlement purposes only the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the proposed Settlement Class Representative are typical of absent class members; that the proposed Settlement Class Representative will fairly and adequately protect the interests of the class as she has no interests antagonistic to or in conflict with the class and has retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3)  Jennifer Clemens is designated and appointed as the Settlement Class Representative.

(4)  The following lawyers are designated as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3):  Mark S. Goldman of Goldman Scarlato & Penny, P.C., and Norman E. Siegel and J. Austin Moore of Stueve Siegel Hanson LLP.  The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

## **Preliminary Approval of the Proposed Settlement**

(5)  On March 15, 2024, Plaintiff filed an Unopposed Motion for an Order Preliminarily Approving the Class Action Settlement in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

(6). Plaintiff summarizes the relevant terms of the proposed Settlement (which are set forth in full and in greater detail in the Settlement) as follows:

  a. Reimbursement for Lost Time. Settlement Class Members who lost time as a result of the Data Breach can submit a claim for up to 7 hours of undocumented time at $25 per hour (maximum of $175).

  b. Reimbursement for Documented Out-of-Pocket Expenses and Lost Time. Settlement Class Members who have documentation showing that they spent money, incurred losses, or lost time as a result of the Data Breach can submit a claim for reimbursement up to $10,000, including up to 5 hours of documented time at $25 per hour (maximum of $125).

  c. Alternative Cash Payment for California Class Members. Settlement Class Members who reside in the state of California as of March 13, 2020, can submit a claim for a one-time payment of $100 in lieu of a claim for reimbursement for Documented Out-of-Pocket Expenses and Lost Time.

  d. Free 3-Bureau Credit Monitoring Services: Settlement Class Members are eligible to enroll in three years of free 3-bureau credit monitoring with Identity Defense Total 3-Bureau.

(7) There are no aggregate caps on the amount of money available to pay the relief described above. The Settlement provides a straight-forward method for Settlement Class Members to claim benefits and sets forth a process for notifying the Settlement Class, obtaining final approval of the Settlement, and administering the Settlement.

## Directive to Issue Notice to Settlement Class

(8) Pursuant to Federal Rule of Civil Procedure 23(e)(1)(A), the Court finds that it has sufficient information to enable it to determine whether to direct notice of the proposed Settlement to the Settlement Class. The Court thus first considers the fairness, reasonableness, and adequacy

of the Settlement under Rule 23(e)(1)(B)(i) and (e)(2).

(9) First, the Court finds that the Class Representative and Class Counsel have adequately represented the Settlement Class. Class Counsel are highly experienced in complex class actions and data breach litigation, and the Class Representative's interests align with those of the Settlement Class Members, as they all suffered the same injury: the alleged theft of their personal information in the Data Breach.

(10) Next, the Court finds that the Settlement is the result of adversarial, arm's-length, informed, and non-collusive negotiations between the Parties. The Parties pursued adversarial litigation for several years prior to reaching the Settlement, and the involvement of a mediator overseeing the Parties' negotiations further supports the finding that the Settlement was negotiated at arms-length.

(11) Further, the relief provided to the Settlement Class Members under the Settlement is adequate, taking into account the substantial risks of continued litigation, especially in data breach cases such as this one. The Settlement offers Settlement Class Members benefits including reimbursement for Out-of-Pocket Losses and Lost Time spent addressing the Data Breach. In addition, the Settlement offers protection against prospective harm from the Data Breach by providing three years of free 3-Bureau Credit Monitoring Services.

(12) In addition, the proposed method for distributing relief to the Settlement Class Members is adequate and effective. The Settlement Class will be notified of the Settlement directly via U.S. Mail and e-mail (where available), and Settlement Class Members may submit claims either via a Settlement website or by mail.

(13) The Settlement's provisions for awards of attorneys' fees and expenses and service payments to the Class Representative, to be paid by ExecuPharm, are reasonable, subject to the

Court's review of a timely filed fee application. The Settlement provides that Class Counsel will seek attorneys' fees and expenses in an amount not to exceed $675,000.00, and that ExecuPharm shall pay any award of attorneys' fees and expenses (not to exceed a total of $675,000.00) in addition to any benefits provided to Settlement Class Members. The Settlement also provides that Class Counsel will seek a service award for the Class Representative in the amount of $5,000.00, to be paid separately by ExecuPharm. As these awards do not diminish the recovery available to the Settlement Class Members, the Settlement's provision for these awards supports a finding that the Court will likely be able to approve the Settlement. Further, the proposed Settlement treats all Settlement Class Members equitably relative to each other.

(14)   Next, the Court determines that it will likely be able to certify the proposed class for purposes of judgment on the proposed Settlement under Rule 23(e)(1)(B)(ii), as:

(a) the Settlement Class contains thousands of individuals and joinder of all such persons would be impracticable, and the Settlement Class therefore is sufficiently numerous;

(b) there are questions of law and fact that are common to the Settlement Class and those common questions of law and fact predominate over any questions affecting any individual in the Settlement Class;

(c) the claims of the Class Representative are typical of the claims of the Settlement Class they seek to represent for purposes of the Settlement, as they suffered and seek to remedy the same injury;

(d) a class action is superior to other available means of adjudicating the dispute, as it is the most efficient and effective means of resolving the claims of the geographically dispersed Settlement Class Members; and

(e) The Class Representative and Class Counsel are adequate representatives of the

Settlement Class, as Class Counsel are experienced and qualified, and the Class Representative has no conflicts of interest with the Settlement Class.

(15) Because the Court finds it will likely be able to approve the proposed Settlement and to certify the Settlement Class for purposes of judgment on the proposal, the Court finds that Notice should issue to the Settlement Class.

## **Final Approval Hearing**

(16) A Final Approval Hearing shall take place before the Court on _____, 2024, at ___ a.m./p.m. in Room 1050, 11614 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Amended Complaint and Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for a Service Award should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(17) Class Counsel shall submit their application for fees, costs, and expenses and the application for a Service Award at least 21 days before the Objection Deadline.

(18) Any Settlement Class Member that has not timely and properly excluded itself from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the

Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration

(19) Simpluris, Inc. is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Member, and all other obligations of the Settlement Administrator as set forth in the Settlement.

## Notice to the Class

(20) The Notice Plan, along with the Short Notice, Long Notice, and Claim Form attached to the Settlement as Exhibit A (Claim Form), Exhibit B (Long Notice), and Exhibit D (Short Notice), satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to these exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

(21) The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the

notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Exclusions from the Class

(22) Any individual that wishes to be excluded from the Settlement must mail a written notification of such intent via United States mail to the designated address established by the Settlement Administrator, postmarked no later than 40 days after the Notice Date (the "Opt-Out Deadline"). The written notification must include the name of this Action (*Clemens v. ExecuPharm, Inc.*, Case No. 2:20-cv-03383-GJP (E.D. Pa.)), the full name and address of the individual seeking exclusion from the Settlement; be personally signed by the individual seeking exclusion; include a statement in the body of the document clearly indicating the individual's intent to be excluded from the Settlement; and request exclusion only for that one individual whose personal signature appears on the request. Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by the Settlement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

(23) All individuals who submit a valid and timely request for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Settlement..

(24) The Settlement Administrator shall provide the parties with copies of all requests for exclusion promptly upon receipt, and, within three (3) Business Days after the Opt-Out Deadline, a final report summarizing the number of written requests for exclusion (i.e., requests to

opt out), a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement and herein, and any other information requested by the Parties' Counsel. Prior to the Final Approval Hearing, the Settlement Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement.

### Objections to the Settlement

(25) A Settlement Class Member that complies with the requirements of this Order may object to the Settlement.

(26) No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be 40 days after the Notice Date. For the objection to be considered by the Court, the written objection must include:

1. The case name and number of the Action;
2. The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;
3. A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;
4. Information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Breach, or a statement explaining why the objector believes he or she is a Settlement Class Member);
5. A statement of the specific grounds for the objection; and
6. A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

(28) A written notice of objection may either be electronically filed in the Action's electronic docket on or before the Objection Deadline; or sent via first class, postage-prepaid

United States Mail, postmarked no later than the Objection Deadline to the Settlement Administrator at the address provided in the Notice and on the Settlement website.

(29)    Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal, collateral attack, or any other means.

### Claims Process and Distribution Plan

(30)    The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form.  The Court preliminarily approves this process.

(31)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement, including the Claim Form.  If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Settlement, including Claim Form, shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

### Termination of the Settlement and Use of this Order

(32)    This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is

terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(33) If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against ExecuPharm, Parexel International (MA) Corporation, or Parexel International, LLC of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

## Stay of Proceedings

(34) Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

## Continuance of Final Approval Hearing

(35) The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

## Actions By Settlement Class Members

(36) The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against ExecuPharm, Parexel International (MA) Corporation, and Parexel International, LLC related to the Data Breach.

## **Summary of Deadlines**

(37) The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to the following:

| ACTION | DEADLINE |
|---|---|
| ExecuPharm provides CAFA notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiff's Motion for Preliminary Approval |
| Notice Date | 45 days after entry of this Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses and Service Awards | 21 days prior to Objection Deadline |
| Opt-Out/ Exclusion Deadline | 40 days after Notice Date (i.e., 85 days after entry of this Preliminary Approval Order) |
| Objection Deadline | 40 days after Notice Date (i.e., 85 days after entry of this Preliminary Approval Order) |
| Claims Deadline | 90 days after Notice Date (i.e., 135 days after entry of this Preliminary Approval Order) |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to Final Approval Hearing |

| Final Approval Hearing | No earlier than 90 days after Notice Date (i.e., 135 days after entry of this Preliminary Approval Order) |
|---|---|

**ENTERED:**

DATED: _____, 2024    By: _____
                                          HONORABLE GERALD J. PAPPERT