# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jennifer Clemens, individually and on behalf of all others similarly situated, *Plaintiff,* v. ExecuPharm, Inc., *Defendant.* | CIVIL ACTION NO. 20-3383 |

## ORDER CERTIFYING CLASS, APPROVING CLASS ACTION SETTLEMENT, AND AWARDING ATTORNEYS' FEES AND SERVICE AWARD

**AND NOW**, this 1st day of October 2024, after presiding over this case for more than four years, preliminarily approving the Settlement Agreement (ECF No. 62), reviewing Counsel's Motion for Final Approval of the Settlement (ECF No. 65), reviewing Counsel's Motion for Attorneys' Fees, Expenses, and a Service Award (ECF No. 64), reviewing all declarations and materials in support of the motion, reviewing the legal standards governing such approvals, and conducting a hearing (ECF No. 66), the Court grants the Motion and the following is hereby **ORDERED** and **APPROVED**:

1. The Court has jurisdiction over this litigation, Plaintiff Jennifer Clemens, ExecuPharm, the Settlement Class Members, and the Released Parties;

2. Plaintiff Jennifer Clemens, ExecuPharm, the Settlement Class Members, and the Released Parties are each subject to the Court's jurisdiction for purposes of implementing the Settlement Agreement and Releases.

3. The Court grants approval of the parties' Settlement Agreement, including but not limited to, the Settlement Benefits, the Releases therein, and the procedures for distribution of Settlement Benefits to Settlement Class Members.

4. All Settlement Class Members who have not timely excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment, and this Final Approval Order shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect on all causes of action, claims for relief, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and shall permanently bar Plaintiff and each Settlement Class Member who did not timely opt-out from bringing or participating in any action against ExecuPharm or the Released Parties asserting any of the Released Claims, as provided in the Settlement Agreement.

5. On March 15, 2024, Class Counsel filed an Unopposed Motion for Preliminary Approval of Class Action Settlement Pursuant to Rule 23(e).  (ECF No. 61.) This Court granted the motion on April 25, 2024, concluding that it would likely approve the Settlement as fair, reasonable, and adequate and certify the Settlement Class for purposes of judgment on the proposal, and thus directing that notice be issued to the Class. (ECF No. 62 ¶¶ 8-15.)  In addition, for the purpose of issuing notice of the Settlement, the Court appointed Mark S. Goldman of Goldman Scarlato & Penny, P.C., and Norman E. Siegel and J. Austin Moore of Stueve Siegel Hanson LLP as interim class counsel pursuant to Rule 23(g)(3). (*Id.* ¶ 4.)  The Court appointed Simpluris, Inc. ("Simpluris") to serve as the Settlement Administrator and to execute the Notice plan

set forth in the Settlement Agreement. (*Id.* ¶¶ 19.) The Court finally approves Simpluris as the Settlement Administrator.

      6.      Plaintiff has summarized the relevant terms of the proposed Settlement as follows:

         a.  Settlement Class Members can obtain thirty-six (36) months of three-bureau credit monitoring services without the need to submit a claim;

         b.  Settlement Class Members can obtain reimbursement of Out-of-Pocket Losses up to $10,000.00 per claimant; and

         c.  Settlement Class Members can obtain reimbursement for Lost Time they spent addressing the Data Breach up to $300 per claimant.

      7.      The Settlement provides a straightforward method for Settlement Class Members to claim benefits and sets forth a process for notifying the Settlement Class, obtaining final approval of the Settlement, and administering the Settlement.

      8.      Pursuant to the Preliminary Approval Order (ECF No. 62), and in accordance with the terms of the Settlement Agreement, the Settlement Administrator issued notice of the Settlement Agreement and its benefits, including notice of the Final Approval Hearing, to the Settlement Class Members. The Court finds that the notice provided to the Class Members was the best notice practicable under the circumstances, and that it complies with the requirements of Rule 23(c)(2).

      9.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court first considers the fairness, reasonableness, and adequacy of the Settlement. First, there have been no objections to the Settlement, nor have any Settlement Class Members

requested to be excluded from the Settlement. The favorable response of the Settlement Class Members to the Settlement is an indication of its fairness.

10. The Court also finds that the Class Representatives and Class Counsel, who were previously appointed as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3), have adequately represented the class. Class Counsel are highly experienced in complex class actions and data breach litigation, and the Class Representatives' interests align with those of the Settlement Class Members, as they all allege to have suffered the same injury: unauthorized access of their personal information in the Data Breach. Accordingly, the Court finally appoints Mark S. Goldman of Goldman Scarlato & Penny, P.C., and Norman E. Siegel and J. Austin Moore of Stueve Siegel Hanson LLP as Class Counsel pursuant to Fed. R. Civ. P. 23(g)(1). The Court also finally appoints Jennifer Clemens as Class Representative.

11. Next, the Court finds that the Settlement is the result of adversarial, arm's-length, informed, and non-collusive negotiations between ExecuPharm and Plaintiff and her counsel. The Parties pursued adversarial litigation for several years prior to reaching the Settlement, and the involvement of a mediator in the Parties' negotiations further supports the finding that the Settlement was negotiated at arm's-length.

12. Further, the relief provided to the Settlement Class Members under the Settlement is adequate, taking into account the substantial risks of continued litigation, especially in data breach cases such as this one. The Settlement offers Class Members benefits including reimbursement for Out-of-Pocket Losses and Lost Time spent addressing the Data Breach. These cash-reimbursement benefits are uncapped,

meaning Settlement Class Members' recoveries will not be reduced depending on the number of claimants. In addition, the Settlement offers protection against prospective harm from the Data Breach, by providing up to three years of free Credit Monitoring Services. That there have been no objections or opt-outs to the Settlement, and a high rate of claims for benefits confirms the adequacy of the relief it provides the Settlement Class Members.

13. In addition, the proposed method for distributing relief to the Settlement Class Members is adequate and effective. Pursuant to the notice plan set forth in the Settlement, the Settlement Class was notified of the Settlement directly via U.S. Mail, and Claimants were able to submit claims for Out-of-Pocket Losses and documented or attested Lost Time either via a Settlement Website or by mail. In addition, Settlement Class Members who submitted a claim to the Settlement Administrator will have access to Credit Monitoring Services for thirty-six (36) months.

14. The Settlement's provisions for awards of attorneys' fees and costs and service payments to the Class Representatives, which will be paid separately by ExecuPharm, were negotiated at arm's-length between the Parties, and will not diminish the recovery available to Settlement Class Members, are reasonable. In accordance with the terms of the Settlement, Class Counsel timely filed a motion seeking $675,000 in attorneys' fees and expenses, and a $5,000 service award for the Class Representative. The Court sets out its reasons for approving that motion separately below.

15. Further, the proposed Settlement treats all Settlement Class Members equitably relative to each other.

16. The Court has also considered the factors listed in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and the additional factors listed in *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 323 (3d Cir. 1998), and finds that they weigh in favor of approval.

17. Thus, pursuant to Rule 23(e)(2), the Court approves the Settlement as fair, reasonable, and adequate.

18. Next, the Court certifies the Settlement Class for purposes of judgment on the Settlement under Rule 23(e):

> a. the Settlement Class contains more than 3,600 individuals and joinder of all such persons would be impracticable and therefore the Settlement Class is sufficiently numerous;
>
> b. there are questions of law and fact that are common to the Settlement Class, including whether ExecuPharm had a duty to secure its employees' personal data and whether it took reasonable steps to do so, and those common questions of law and fact predominate over any questions affecting any individual in the Settlement Class;
>
> c. the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent for purposes of the Settlement, as they seek to remedy the same injury;
>
> d. a class action is superior to other available means of adjudicating the dispute, as it is the most efficient and effective means of resolving the claims of the numerous and geographically dispersed Settlement Class Members; and

e. Plaintiff and Class Counsel are adequate representatives of the Settlement Class, as Class Counsel are experienced and qualified, and Plaintiff has no conflicts of interest with the Settlement Class.

19. The Court thus certifies the following class for settlement purposes only:

All residents of the United States whose Personal Information was accessed, impacted, compromised, exfiltrated, or stolen as a result of the Data Breach. Excluded from the Settlement Class are (i) ExecuPharm, and ExecuPharm's board of directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

20. All members of the Settlement Class are bound by the terms of the Settlement, including the Releases as outlined in the Settlement, upon entry of the Final Judgment in this action.

21. Each Settlement Class Member, including Plaintiff, is hereby deemed to have completely and unconditionally released, forever discharged and acquitted ExecuPharm and the Released Parties from all Released Claims as defined by and laid out more fully within the Settlement Agreement. The Settlement Class Members and Plaintiff are barred and permanently enjoined from asserting, instituting or prosecuting, either directly or indirectly, any Released Claim, as provided in the Settlement Agreement.

22. On June 27, 2024, Class Counsel submitted their Unopposed Motion for an Award of Attorneys' Fees and Expenses and for a Service Award to Plaintiff. (ECF No. 64.) Notice of this Motion was properly given to the Settlement Class Members, as it was posted on the Settlement Website. Notice of the agreed-upon Attorneys' Fees and Expenses and Plaintiff Service Award was also included in the Long Form Notice

and in the Frequently Asked Questions section of the Settlement Website. No Settlement Class Member has objected to Class Counsel's Motion.

23. Upon consideration of Class Counsel's Unopposed Motion for Attorneys' Fees and Service Award, this Court approves Class Counsel's request for $675,000 in combined attorneys' fees and expenses, as agreed between the Parties in their Settlement.

24. The fees and expenses were negotiated at arm's-length by counsel for Plaintiff and ExecuPharm and will be paid by ExecuPharm separate from any relief to the Settlement Class Members.

25. Next, Class Counsel's lodestar demonstrates the reasonableness of the requested sum in this action. Class Counsel's hourly rates are reasonable and consistent with complex practitioners in this District and the agreed-upon fees and expenses in this action are significantly less than Class Counsel's lodestar for their work.

26. Further, the Court has considered the factors set forth by the Third Circuit in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000) and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283 (3rd Cir. 1998), and finds that:

> a. Class Counsel reasonably expended more than 1,000 hours on the litigation and resolution of this case, given the complexity and evolving nature of the issues and the substantive motions at each stage of the case.

    b. The magnitude and complexities of the litigation justify the requested attorneys' fees and expenses, as the jurisprudence of data breach claims is still relatively novel and ExecuPharm vigorously contested Plaintiff's claims at every step of the litigation.

    c. Class Counsel faced several risks in prosecuting this action, including the risk of litigating in an area that continues to evolve, and the inherent risk involved in prosecuting a class action litigation on an entirely contingent basis. Indeed, Class Counsel had to overcome an early dismissal of the case in its entirety on the grounds of Article III standing by taking on a challenging appeal to the Third Circuit, on which they prevailed. *See Clemens v. ExecuPharm Inc.*, 48 F.4th 146 (3d Cir. 2022).

    d. The fees and expenses requested by Class Counsel are also reasonable in light of the quality of their representation of the class, as indicated by their significant class action, litigation, and trial experience, including experience and expertise in data breach and data privacy litigation, as well as by the favorable results achieved for the Settlement Class.

    e. The requested fees and expenses are reasonable in light of the result achieved for the Settlement Class Members, which offers to make Class Members whole for any Lost Time or Out-of-Pocket Losses they suffered as a result of the Data Breach, as well as providing

       prospective protection from further harm through free access to credit monitoring.

    f. Public policy also favors an award of the agreed-upon fees, as it will incentivize dedicated and experienced counsel to bring these types of cases, which inure to the public benefit by encouraging companies to protect the sensitive personal information in their possession.

27. For her service on behalf of the Settlement Class Members in this action, the Court also approves the request for a $5,000 service award to Plaintiff, to be paid by ExecuPharm separately and apart from any relief made available to the Settlement Class.

28. Nothing contained in this Order, the Settlement Agreement, or documents thereto is, or may be construed as, any admission or concession by or against ExecuPharm or the Released Parties on any point of fact or law.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.